IDA JULIANELLE ET AL. *v.* COLONIAL BEACON OIL
COMPANY ET AL.

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 11—decided June 26, 1947

*Morris Tyler*, with whom was *Donald F. Keefe*, for the appellants (defendants).

*Isadore Chaplowe*, with whom, on the brief, was *Vincent P. Dooley*, for the appellees (plaintiffs).

DICKENSON, J.  This action was brought to recover damages for injuries suffered in an automobile collision.  There was a verdict and judgment for the plaintiffs and the defendants have appealed, assigning error in the denial of their motion to set aside the verdict and in the charge.  The jury could reasonably have found the following facts:  Boulevard is a through-way street in New Haven, forty-eight feet wide, running north and south.  Edgewood Avenue runs east and west, intersects Boulevard and is divided into two lanes by a parkway.  The north lane is for westbound traffic and is thirty-one feet wide.  Maple Street intersects Boulevard about two hundred and fifty feet north of Edgewood.  There is a stop sign on the northeast corner of Boulevard and Edgewood located near the east line of the walk on the east side of Boulevard and the north curb of Edgewood.  The plaintiff Ida Julianelle was driving a sedan belonging to her husband, the other plaintiff, west on the north lane of Edgewood and the defendant Sunderland was driving the defendant oil company's car south on Boulevard.  Both knew of the

stop sign. As Mrs. Julianelle approached the intersection of Boulevard and Edgewood, a Connecticut Company bus was standing beside the north curb on Edgewood discharging passengers, its front end about two feet from the east curb of Boulevard. Mrs. Julianelle stopped beside the bus opposite the stop sign, which was on the other side of the bus. She then had a clear vision to her left on Boulevard and saw that no traffic was approaching from that direction. She started her car in low gear, "nosed" slowly out beyond the bus until she had a clear vision north on Boulevard. She then saw the defendants' car just south of Maple Street. She continued into Boulevard assuming that the defendants' car was so far away that she could cross safely. Her own car was traveling at a speed of about five miles an hour. The defendants' car was approaching at a speed of thirty or forty miles an hour. Visibility was good, the streets were dry and the two cars were the only moving vehicles in the immediate area. Sunderland had an unobstructed view of the intersection and saw and was watching the bus. When his car was about one hundred and fifty feet north of the intersection, the plaintiffs' car had entered it. He continued without materially slackening his speed, and did not blow his horn. The plaintiffs' car was more than half way across the intersection and Mrs. Julianelle had just shifted into second gear when she looked and saw the defendants' car as it was about to strike her car. Sunderland had applied his brakes just before entering the intersection. The defendants' car struck the plaintiffs' on its right side, pushed it to a telegraph pole on the southwest corner of the intersection and turned it on its side. The es-

tablished speed limit in the area was twenty-five miles an hour.

The defendants claimed that the verdict should have been set aside because the evidence showed contributory negligence as a matter of law. The jury reasonably could have found that Mrs. Julianelle stopped at the stop sign and, not being able to see to her right, drove slowly and cautiously beyond the front of the bus until she could see; that she saw the defendants' car near Maple Street and was not negligent in failing to estimate its actual speed at that distance; that she had a right to assume that the car would approach at a legal rate of speed, which concededly was twenty-five miles an hour; that the cars were not arriving at the intersection at approximately the same time and so the defendants did not have the statutory right of way; and that she was not guilty of contributory negligence in attempting to pass through the intersection. The trial court was not in error in refusing to set the verdict aside.

The defendants' chief complaint regarding the charge is that it "led the jury to believe that a stop at the stop sign . . . satisfied the statute." They contend that the presence of the bus, parked beside the sign, required Mrs. Julianelle to stop beyond it where she could see to her right, citing *Olson* v. *Musselman*, 127 Conn. 228, 15 A. 2d 879, in support of their claim. General Statutes, Cum. Sup. 1939, § 123e (c), contains the provision that "Each person operating any vehicle upon any street intersecting any officially designated through way shall bring such vehicle to a full stop at the place where such street meets the prolongation of the nearest property line of such through way or at a clearly marked stop line, subject to the direction of any traffic control sign

. . . at such intersection." The statute contains an earlier provision that stop signs "shall be located as near as practicable to the traveled portion of the highway at the entrance to which the stop is to be made, or at the nearest line of the crosswalk thereat. . . ." The trial court charged the jury that if Mrs. Julianelle failed to stop as required by the statute she was guilty of contributory negligence. She claimed to have proved that she did stop opposite the stop sign and it is not questioned that a stop at that point would meet the express requirement of the statute as to stopping. The defendants did not claim to have proved that Sunderland had the right of way; if, then, Mrs. Julianelle complied with the requirement, the statute imposed no duty on her to do anything more. She was required, on starting her car after the stop, to use reasonable care, including a reasonable watchfulness to see if cars were approaching on the intersecting street, but, if she failed to do so, such failure would not constitute a breach of any duty to stop imposed upon her by the statute. In *Olson* v. *Musselman,* supra, the stop sign was a considerable distance back from the intersection and nothing in the record indicated that a stop at it would comply with the requirement in the statute that an operator stop at the place where the intersecting street meets the prolongation of the nearest property line of the through way, and we held that the trial court correctly charged the jury that stopping at the sign did not comply with the statute. That situation was very different from the one before us where, if the plaintiff stopped where she claimed, it is not questioned that she complied with the terms of the statute in that regard. *Olson* v. *Musselman,* supra, lends no sanction to the defendants' contention and the trial

court was not in error in not charging in accordance with their claim.

There is no error.

In this opinion the other judges concurred.